37334. MATLOCK *v.* BROWN.

580

■■■■■■■■■■■■■

Decided October 21, 1958—Rehearing denied
November 7, 1958.

■■■■■■■■■■■■■

*Hicks & Henderson, J. Douglas Henderson,* for plaintiff in error.

*D. W. Rolader,* contra.

Felton, Chief Judge. The exception in this case is to the grant of a nonsuit against the landlord in a dispossessory-warrant proceeding. There was no evidence which would have authorized a finding that there had been such a departure from the terms of the lease requiring monthly payments in advance on the 15th of each month so as to authorize the tenant to make the tender contended for by the tenant on a later date. The plaintiff proved the necessary essentials to establish his rights to dispossess and there was no evidence that the landlord waived his right to collect the rent at the time to which the right to pay later was extended as to the March, 1958, payment. The evidence showed that the time for the payment of this rent was extended *expressly* to the 29th of March. On this date the landlord accepted a $200 check from the tenant ($200 being the amount of monthly rental), drawn on the Cobb Exchange Bank of Marietta. The plaintiff deposited the check in the First National Bank and received it from his bank on April 3, 1958, marked "insufficient funds." By acceptance of the check the plaintiff impliedly extended the time of the payment of the rent until the bank on which the check was drawn either paid it or returned it to the bank in which it was deposited within a reasonable time from the time of issue. Code § 14-1704. The evidence in the case is in conflict as to whether the defendant tenant tendered $200 in cash to the plaintiff before or after the check was returned on April 3, 1958. The defendant testified that he made the cash tender after the check was returned, and the plaintiff testified that he had not received the check when

the cash tender was made. However, the time of the receipt back of the check by the plaintiff is not the answer. The crucial point is whether the cash tender was made before the drawee bank dishonored and transmitted the check. Since there is no evidence that the cash tender was made to the plaintiff before the drawee bank returned the check to the First National Bank of Marietta, there is no evidence that the cash tender was made within the time *impliedly* granted by the plaintiff by the acceptance of the check, and the court erred, therefore, in granting the nonsuit.

*Judgment reversed. Nichols, J., concurs. Quillian, J., concurs specially.*

QUILLIAN, Judge, concurring specially. I concur in the result, but do not agree that the landlord by accepting the check extended the time for payment of rent beyond the date on which the check was received by him.

It is my opinion that the motion for rehearing which did not expressly point out what material fact in the record, or controlling decision, or statute, was overlooked by the court did not comply with Court of Appeals Rule 43 (Code, Ann., § 24-3643) and hence should not be considered.